IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKEY R. MADISON, | ) | No. C 13-2393 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| ACTING WARDEN KEVIN CHAPPELL, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal with Leave to Amend
G:\PRO-SE\LHK\CR.13\Madison393dwla.wpd

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

In the amended complaint, Plaintiff alleges that correctional officers and fellow inmates are harassing Plaintiff. However, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). Moreover, allegations of mere threats also are not cognizable under § 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor does an allegation that threat was for the purpose of denying access to courts). To the extent Plaintiff is attempting to raise such claims, they are DISMISSED with prejudice.

Plaintiff also appears to be trying to raise a claim of deliberate indifference to his serious medical needs, but Plaintiff does not demonstrate that the named Defendant proximately caused the deprivation of any federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See id.* at 633. Plaintiff will be given an opportunity to file an amended complaint to state a cognizable claim. Plaintiff should be mindful that a complaint containing only sweeping conclusory allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted). A complaint

1  should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible
2  on its face." *Id.* at 570.
3        Accordingly, the amended complaint is DISMISSED WITH LEAVE TO AMEND.
4  Plaintiff will be provided with thirty days in which to correct the deficiencies as stated above.

## CONCLUSION

6      1.    Plaintiff's amended complaint is DISMISSED with leave to amend.
7      2.    If Plaintiff can cure the pleading deficiencies described above, he shall file a
8  SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed. The
9  amended complaint must include the caption and civil case number used in this order (C 13-2393
10 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. The second
11 amended complaint must indicate which specific, named Defendant(s) was involved in each
12 cause of action, what each Defendant did, what effect this had on Plaintiff and what right
13 Plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by
14 reference. If Plaintiff files a second amended complaint, he must allege, in good faith, facts - not
15 merely conclusions of law - that demonstrate that he is entitled to relief under the applicable
16 federal statutes. **Failure to file a second amended complaint within thirty days and in**
17 **accordance with this order will result in a finding that further leave to amend would be**
18 **futile, and this action will be dismissed.**
19     3.    Plaintiff is advised that an amended complaint supersedes the original complaint.
20 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
21 in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
22 Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
23 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
24     4.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
25 informed of any change of address by filing a separate paper with the Clerk headed "Notice of
26 Change of Address," and must comply with the court's orders in a timely fashion. Failure to do
27 so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
28 Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/6/13

_Lucy H. Koh_
LUCY H. KOH
United States District Judge